IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| HVLPO2, LLC, a Nebraska limited liability company,<br><br>    Plaintiff,<br>v.<br><br>OXYGEN FROG, LLC, a Florida limited liability company,<br><br>and<br><br>SCOTT D. FLEISCHMAN,<br><br>    Defendants. | Case No. 4:16-cv-00336-MW-CAS |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ALTERNATIVE MOTION TO BIFURCATE**

Defendants herein respond to Plaintiff's Alternative Motion to Bifurcate, ECF No. 162 as follows:

Defendants' understanding is that the Court decided to present the factual underpinning of the remaining legal issues to the jury for advisory verdicts. Trial preparation, including previously proposed jury instruction from Defendants, has been engaged in with that in mind.

Inequitable conduct has two factual underpinnings: #1 whether patentee or his counsel purposely withheld material prior art from the United States Patent and

1

Trademark Office ("USPTO"), and #2 whether the withholding was done with the intent to deceive the USPTO. The proof for the latter can be inferential.

Factual issues such as inferring intent and state of mind from documentary evidence and testimony of the patentee and his attorney seem particularly appropriate for an advisory jury verdict.

Plaintiff's argument that the jury might be unfairly prejudiced is a stretch. Defendants are faced with the difficult burden of clear and convincing evidence and ought to be entitled to try to persuade a jury in its obviousness defense, not just inequitable conduct, that the patentee and his attorney did not behave appropriately before the USPTO that, if believed, explains why the USPTO granted an obviously defective patent application. Specifically, Defendants must have the opportunity to explain, defend, and offer evidence why the USPTO would grant these patents if Low Tide renders the claimed invention obvious. That is hardly "unfair prejudice", that is substantive defense. Plaintiff argues that the USPTO has seen the Low Tide video in its entirely [ECF No. 161 at 12]. Defendants argue the USPTO likely has not, and the record is inconclusive, precisely because the patentee and his attorney did not follow well established USPTO rules. That is a factual dispute appropriate for jury review. We have not yet heard from Mr. Grennan and it would be both helpful and appropriate for a jury to assess the veracity of his testimony.

Thus it will not save the jury from hearing about the USPTO application

process even if inequitable conduct is bifurcated from the obvious invalidity defenses because the same fact pattern will be disclosed to the jury as part of Defendants obviousness defense.

Obviously, these arguments could be made to the Court in the absence of a jury but then at the eleventh hour the Plaintiff is essentially withdrawing its jury demand and asking for a bench trial. Defendant are in favor of bringing the matters of inequitable conduct and obviousness to a jury for an advisory verdict on at least the underlying factual underpinnings of the remaining issues. Having two trials when one will do seems inefficient.

The Defendants therefore respectfully request that Plaintiff's Motion to Bifurcate, ECF No. 162, be denied and the remaining issues be brought before a jury for at least an advisory verdict where appropriate.

Respectfully submitted,

/s/ Robert A. Huntsman
Robert A. Huntsman
HUNTSMAN LAW GROUP, PLLC
4255 S. Buckley Rd. Suite 413
Aurora, CO 80013

telephone:   208 860 0750
email:       bobh@huntsmanlg.com

ATTORNEY FOR Defendants
Oxygen Frog LLC and Scott D. Fleischman

**Word Limit Certification Pursuant to Local Rule 7.1(F)**

The undersigned counsel certifies that this motion and incorporated memorandum contains 473 words exclusive of the case style, signature block, and certificate of service, according to the word count of the word-processing system used to prepare this document.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018, a true and correct copy of the foregoing was filed electronically via CM/ECF and thus served on all counsel of record who have appropriately registered for service of electronic filings.

/s/Robert A. Huntsman
Robert A. Huntsman